## Case No. 6,421.

### In re HERRICK et al.

[17 N. B. R. (1878) 335.] [1]

District Court, N. D. New York.

BANKRUPTCY — SECURITY FOR DEBT — PROOF FOR DEFICIENCY—VALUATION OF SECURITY.

1. A creditor of the bankrupts, holding security by way of mortgage upon real estate, obtained leave of the bankrupt court to foreclose his mortgage in a state court, sold the real estate under the decree of foreclosure, and proved his judgment for deficiency on the sale as a claim against the estate. On re-examination of the claim, held, that he could not prove for his deficiency; that if he desired to do so, he should have taken the necessary steps to obtain a valuation of his security in the manner prescribed by section 5075.

[Cited in Re Miller, Case No. 9.555; Bradley v. Adams Express Co., 3 Fed. 897; Re Letchworth, 18 Fed. 823.]

2. The ordinary order granting leave to foreclose a mortgage upon the bankrupt's property, cannot be construed as directing that the value of the creditor's security be ascertained by a sale under a decree of foreclosure.

[In bankruptcy. In the matter of Hugh T. Herrick and George Herrick.]

WALLACE, District Judge. A creditor of the bankrupts, holding security by way of mortgage on their real estate, applied to this court for leave to foreclose his mortgage in

---

1 [Reprinted by permission.]

one of the state courts, and leave having been granted, commenced an action to foreclose, sold the real estate under the decree of foreclosure, and in that action obtained a judgment against the bankrupts for a deficiency arising upon the sale. He then proved the judgment as a claim against the estate. Upon application of the assignee in bankruptcy, this claim has been re-examined, and the question now is whether it shall be disallowed or held to be a valid claim against the estate.

Without adverting to several of the issues presented, I am of opinion that the creditor cannot prove for his deficiency, because he is precluded by that provision of the bankrupt act [of 1867 (14 Stat. 526)] which declares that where a creditor has a mortgage upon the property of the bankrupts, "he shall be admitted as a creditor only for the balance of the debt after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct." By force of this provision it is in all cases incumbent upon a lien creditor who may desire, after resorting to his security, to prove for any deficiency, to take the necessary steps to obtain a valuation of his security in the manner prescribed by the section referred to. Unless he does this he elects to look to his security alone.

It cannot be maintained that this court, by granting leave to foreclose a mortgage in a state court, thereby directs a sale of the property for the purpose of a valuation under the section in question. Leave to sue is invoked by the creditor in order that the validity of his lien may be determined, or his security enforced by the judgment of a state court. The order granting leave always implies, if it does not expressly provide, that the validity of the lien may be contested in the action by the assignee in bankruptcy, and therefore does not imply that the creditor has a valid and ascertained lien which he is to be permitted to enforce for the purpose of obtaining a valuation of his security. Applications for leave to foreclose mortgages are frequently made before an assignee in bankruptcy is appointed, and are granted in special cases where the estate cannot suffer, and the interests of the holder of the mortgage are pressing; but in no case can there be a valuation of a creditor's security for the purpose of proving the balance of the debt, until an assignee has been appointed and become a party to the proceeding. Doubtless, after an assignee has been appointed, this court could direct that the value of the creditor's security be ascertained by a sale under a decree of foreclosure; but the ordinary order granting leave to bring suit to foreclose cannot be so construed.

Aside from these general considerations, it is quite clear in the present case that it was not contemplated by the creditors, the assignee, or the court, that the action to foreclose was to be instituted for the purpose of a valuation of the security. Both upon the proofs and by the form of the order it is evident the object of the proceeding was to determine the validity of the mortgage, which was challenged by the assignee as preferential and void. The claim is disallowed and the proof of debt expunged.